## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| **BRUCE A. HAKE, P.C.**<br>2 Locust Ln., Ste. 203<br>Westminster, MD 21157<br><br>*Plaintiff*,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**<br>245 Murray Ln. SW, Mail Stop 0485<br>Washington, D.C. 20528<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**<br>5900 Capital Gateway Dr., Mail Stop 2120<br>Camp Springs, MD 20588<br><br>**UNITED STATES DEPARTMENT OF STATE**<br>600 19th St. NW<br>Washington, D.C. 20522<br><br>*Defendants*. | CIVIL ACTION NO.: 1:25-cv-4219<br><br><br>COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff by its undersigned counsel alleges as follows:

### I.      INTRODUCTION

1.      Plaintiff, Bruce A. Hake, P.C., d/b/a "Hake and Schmitt", is a corporation that submitted three separate Freedom of Information Act ("FOIA") requests to the Unites States Citizenship and Immigration Services on November 4, 2025, for various records related to adjudications of waiver applications under 8 U.S.C. § 1182(e).

2.     Plaintiff also submitted three separate FOIA requests to the United States Department of State on November 4, 2025, also seeking various records related to adjudications of waiver applications under 8 U.S.C. § 1182(e).

3.     Neither agency has made a determination as to the requests as of the date of filing this Complaint, more than thirty working days later.

## II.     JURISIDCTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to FOIA, 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i), and 28 U.S.C. § 1331.

5.     FOIA grants federal district courts jurisdiction to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld. 5 U.S.C. § 552(a)(4)(B).

6.     Plaintiff has exhausted all administrative remedies required under FOIA. Defendants failed to make a determination on Plaintiff's FOIA requests within the time limits prescribed by 5 U.S.C. § 552(a)(6), and Plaintiff is therefore deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

7.     Venue is proper in the United States District Court for the District of Maryland under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) because Plaintiff resides or has its principal place of business in this District.

## III.     PARTIES

8.     Plaintiff Bruce A. Hake, P.C. (d/b/a "Hake and Schmitt") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at Westminster, Maryland. Plaintiff submitted several requests for records pursuant to 5 U.S.C. § 552 to Defendants and seeks access to non-exempt agency records unlawfully withheld.

9.     Defendant United States Department of Homeland Security ("DHS") is a federal executive department within the meaning of 5 U.S.C. § 552(f)(1) and is an "agency" subject to FOIA. DHS has possession, custody, and control of records responsive to Plaintiff's FOIA requests.

10.    Defendant United States Citizenship and Immigration Services ("USCIS") is a component agency of DHS and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). USCIS processes FOIA requests, maintains records responsive to Plaintiff's FOIA requests, and has failed to make a timely determination as required by FOIA.

11.    Defendant United States Department of State ("DOS") is a federal executive department and an "agency" subject to FOIA under 5 U.S.C. § 552(f)(1). DOS has possession, custody, and control of records responsive to Plaintiff's FOIA requests and has failed to comply with FOIA's statutory time limits.

### IV.    STATEMENT OF FACTS

12.    FOIA requires federal agencies to make records promptly available upon request by any person, unless the records are protected from disclosure by one or more statutory exemptions. 5 U.S.C. § 552(a)(3).

13.    On November 4, 2025, Plaintiff submitted a total of six written FOIA requests, three each to USCIS and DOS seeking various records related to adjudications of waiver applications under 8 U.S.C. § 1182(e). True and correct copies of these requests are attached as exhibits.

14.    The FOIA requests reasonably described the records sought and complied with all applicable agency FOIA regulations.

15.     USCIS acknowledged receipt of the FOIA requests on November 7, 2025, and assigned a control number to each of the three FOIA requests: COW2025005962 ("Exhibit A"); COW2025005961 ("Exhibit B"); and COW2025005976 ("Exhibit C"). The agency noted that the date of receipt for each request was November 4, 2025.

16.     DOS acknowledged receipt of the FOIA requests on December 4, 2025, and assigned a reference number to each of the three FOIA requests: F-2026-02219 ("Exhibit D"); F-2026-02217 ("Exhibit E"); and F-2026-02216 ("Exhibit F"). The department noted that the date of receipt for each request was November 5, 2025.

17.     FOIA requires an agency to determine whether to comply with a FOIA request and to notify the requester of its determination within twenty working days of receipt of the request, except in limited circumstances. 5 U.S.C. § 552(a)(6)(A).

18.     USCIS invoked a statutory extension of time of ten working days pursuant to 5 U.S.C. § 552(a)(6)(B). Even accounting for any extension, the deadline for USCIS to make and communicate a determination on the FOIA requests expired on December 18, 2025.

19.     DOS invoked a statutory extension of time of ten working days pursuant to 5 U.S.C. § 552(a)(6)(B).[1] Even accounting for any extension, the deadline for DOS to make and communicate a determination on the FOIA requests expired on December 19, 2025.

20.     Neither USCIS nor DOS have made a determination within the meaning of FOIA. Specifically, USCIS and DOS have not informed Plaintiff whether they will comply with the FOIA requests, have not produced responsive records, and have not identified any exemptions justifying withholding.

---

[1] While the acknowledgment letters, transmitted by email, did not explicitly specify the ten-day extension, the "Request Status" page on DOS' FOIA portal indicated an estimated delivery date of December 19, 2025.

21.     As of the date of this Complaint, more than thirty full working days have elapsed since the FOIA requests were submitted to USCIS and DOS. Both USCIS and DOS remain in violation of FOIA's statutory time limits.

22.     Because USCIS and DOS have failed to comply with FOIA's time requirements, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C).

23.     Defendants' failure to make a timely determination and to produce responsive records constitutes an unlawful withholding of agency records in violation of FOIA.

24.     Plaintiff has been irreparably harmed by Defendants' failure to comply with FOIA because Plaintiff has been denied timely access to non-exempt agency records to which it is entitled by law.

25.     The exhibits attached hereto are incorporated by reference as if fully set forth herein.

## V.    CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond to Request Within the Required Time.**

26.     Plaintiff repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27.     FOIA requires federal agencies to determine whether to comply with a request for records and to notify the requester of that determination within the time limits prescribed by 5 U.S.C. § 552(a)(6).

28.     FOIA requires federal agencies to conduct an adequate and reasonable search for responsive records. 5 U.S.C. § 552(a)(3).

29.     Plaintiff requested records in electronic formats, including machine-readable formats.

30.    To date, Defendants have not produced any responsive records.

31.    When production occurs, FOIA requires Defendants to produce records in the requested form or format to the extent the records are readily reproducible in that form. 5 U.S.C. § 552(a)(3)(C).

32.    Plaintiff seeks prospective injunctive relief requiring Defendants to comply with 5 U.S.C. § 552(a)(3) in any production of responsive records ordered by this Court.

**A.    Department of Homeland Security and U.S. Citizenship and Immigration Services Requests**

33.    Plaintiff submitted three FOIA requests to Defendants DHS and USCIS on November 4, 2025, seeking agency records related to adjudications of waiver applications under 8 U.S.C. § 1182(e).

34.    These requests reasonably described the records sought and complied with all applicable FOIA regulations. Exhibits A, B, and C.

35.    DHS and USCIS acknowledged receipt of these requests and assigned control numbers COW2025005962, COW2025005961, and COW2025005976.

36.    DHS and USCIS failed to make and communicate a determination on these requests within the time required by FOIA, even after any purported extensions.

37.    As of the filing of this Complaint, DHS and USCIS have not produced the requested records, informed Plaintiff whether they will comply with the requests, or identified any exemptions justifying the withholding of records.

38.    DHS and USCIS have therefore unlawfully withheld agency records in violation of FOIA, 5 U.S.C. § 552(a)(3) and (a)(6).

//

**B.**    **Department of State Requests**

39.    Plaintiff submitted three FOIA requests to Defendant DOS on November 4, 2025, seeking agency records concerning adjudications of waiver applications under 8 U.S.C. § 1182(e).

40.    These requests reasonably described the records sought and complied with all applicable FOIA regulations. Exhibits D, E, and F.

41.    DOS acknowledged receipt of these requests and assigned tracking numbers F-2026-02219, F-2026-02217, and F-2026-02216.

42.    DOS failed to make and communicate a determination on these requests within the time required by FOIA, even after any purported extensions.

43.    As of the filing of this Complaint, DOS has not produced the requested records, informed Plaintiff whether it will comply with the requests, or identified any exemptions justifying the withholding of records.

44.    DOS has therefore unlawfully withheld agency records in violation of FOIA, 5 U.S.C. § 552(a)(3) and (a)(6).

**C.**    **Exhaustion and Ongoing Violation**

45.    Because Defendants failed to comply with FOIA's statutory time limits, Plaintiff is deemed to have exhausted its administrative remedies for each of the six FOIA requests. 5 U.S.C. § 552(a)(6)(C); *see Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 825-26 (4th Cir. 2013).

46.    Defendants' continuing failure to comply with FOIA constitutes an ongoing and continuing violation of federal law.

//

//

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Declare that Defendants' failure to make timely determinations and to produce non-exempt records in response to Plaintiff's FOIA requests violates FOIA, 5 U.S.C. § 552;

B.    Order Defendants to conduct adequate searches for all records responsive to Plaintiff's FOIA requests and to produce all non-exempt responsive records promptly;

C.    Order Defendants to provide a Vaughn index describing any records or portions of records withheld and the basis for each claimed exemption;

D.    Order Defendants, upon any production of responsive records, to produce such records in the form or format requested, including preservation of associated metadata;

E.    Enjoin Defendants from continuing to withhold agency records improperly and order Defendants to comply with FOIA's statutory requirements;

F.    Retain jurisdiction over this action to ensure Defendants' compliance with the Court's orders;

G.    Award Plaintiff reasonable litigation costs, and such attorneys' fees as are permitted by law, pursuant to 5 U.S.C. § 552(a)(4)(E); and

H.    Grant such other and further relief as the Court deems just and proper.


Dated: December 22, 2025                    */s/ Aaron R. Pentheny*
                                            Aaron R. Pentheny
                                            Bar No. 31480
                                            Hake & Schmitt
                                            2 Locust Ln Ste. 203
                                            Westminster, MD 21157-5075
                                            Tel: (410) 635-3337
                                            Fax: (410) 635-3308
                                            aaron@jvisausa.com

Dated: December 22, 2025

*/s/ Brian C. Schmitt*
Bar No. 30151
Hake & Schmitt
2 Locust Ln Ste. 203
Westminster, MD 21157-5075
Tel: (410) 635-3337
Fax: (410) 635-3308
brian@jvisausa.com

ATTORNEYS FOR PLAINTIFF

**EXHIBIT A**

**Freedom of Information Act Request – Business, Operational, or Policy Records**
Submitted via U.S. Citizenship and Immigration Services FOIA Online Portal
**Date:** November 4, 2025

**From:** Bruce A. Hake, P.C.
2 Locust Lane, Suite 203, Westminster, Maryland 21157
(410) 635-3337
brian@jvisausa.com

**To:**    FOIA Officer, U.S. Citizenship and Immigration Services

Dear FOIA Officer,

This request is submitted by the law firm **Bruce A. Hake, P.C.**, for records maintained by U.S. Citizenship and Immigration Services (USCIS), pursuant to the Freedom of Information Act, 5 U.S.C. § 552.

For each numbered item below, please provide all **responsive correspondence**, including but not limited to email messages, letters, meeting summaries, memoranda of conversation, and attachments. This should include but not be limited to records maintained by the California Service Center, the Texas Service Center, the Service Center Operations Directorate (SCOPS), Fraud Detection and National Security Directorate (FDNS), or Office of Information Technology (OIT).

Please ensure that records are identified and produced separately for **each fiscal year 2020 through 2025** unless otherwise noted (i.e., FY 2020, FY 2021, FY 2022, FY 2023, FY 2024, FY 2025 up to the date of filing this request). We respectfully request copies of the following records:

1. **Interagency Correspondence with the Department of State**: All correspondence between USCIS personnel and Department of State Waiver Review Division personnel regarding the adjudication policy or processing of Form I-612 waiver applications.

2. **Requests for Evidence (RFE) Policy**: All correspondence among USCIS personnel, or between USCIS and the Department of State, regarding the development, revision, or application of policy or guidance related to RFEs issued in connection with Form I-612 waiver applications or related case materials.

3. **Transmission Procedures to the Department of State**: All correspondence among USCIS personnel, or between USCIS and the Department of State, regarding the method, format, or procedures for transmitting Form I-612 waiver applications or related case materials to the Department of State Waiver Review Division.

4. **Sample Transmission Packet**: A copy of **one (1) redacted example packet** of a transmission (including but not limited to physical mail, email, or secure file share or transfer) sent by USCIS to the Department of State Waiver Review Division for the purpose of seeking a recommendation on a Form I-612 waiver application **from Fiscal Year 2024 to the present**.

5. **Communications Involving "CYBIS" or the Cybersecurity and Infrastructure Security Agency (CISA)**: All correspondence between USCIS personnel and CYBIS or CISA referring to, or relating in any way to, Form I-612 waiver application adjudications, such as national security background checks, case review processes, or related IT or security procedures.

6. **Communications with Contractors, Consulting Firms, or "DIV X"**: All correspondence between USCIS personnel and any private consulting firm, government contractor, or "DIV X" referring to, or relating in any way to, the adjudication of Form I-612 waiver applications.

If any records are withheld in full or in part, please state the specific FOIA exemptions relied upon and provide all reasonably segregable portions.

We are willing to pay reasonable fees associated with this request, but please contact us in advance if estimated costs exceed **$250**. We request that records be produced on a **rolling basis** as they become available and delivered in electronic format (PDF or native digital format where available) or download link.

Please confirm receipt of this request and assign a FOIA tracking number.

Sincerely,

Brian C. Schmitt, President

For **Bruce A. Hake, P.C.**

2 Locust Lane, Suite 203, Westminster, Maryland 21157

(410) 635-3337

brian@jvisausa.com

**EXHIBIT B**

**Freedom of Information Act Request – Business, Operational, or Policy Records**
Submitted via U.S. Citizenship and Immigration Services FOIA Online Portal
**Date:** November 4, 2025

**From:** Bruce A. Hake, P.C.
2 Locust Lane, Suite 203, Westminster, Maryland 21157
(410) 635-3337
brian@jvisausa.com

**To:** FOIA Officer, U.S. Citizenship and Immigration Services

Dear FOIA Officer,

This request is submitted by the law firm **Bruce A. Hake, P.C.**, pursuant to the Freedom of Information Act, 5 U.S.C. § 552, for agency records maintained by U.S. Citizenship and Immigration Services (USCIS) concerning Form I-612, Application for Waiver of the Foreign Residence Requirement.

Please provide the following **data and statistical records** in **separate datasets or tables for each fiscal year 2020 through 2025** (i.e., FY 2020, FY 2021, FY 2022, FY 2023, FY 2024, FY 2025 up to the date of filing this request). Please do not combine data across fiscal years. Records should be provided in electronic, machine-readable format (e.g., Excel, CSV, or delimited text file) with clear field labels and definitions:

1.  The total number of **Form I-612 exceptional hardship waiver** applications received by USCIS.

2.  The total number of **Form I-612 persecution waiver** applications received by USCIS.

3.  The total number of **Form I-612 exceptional hardship waiver** applications **transmitted to the Department of State Waiver Review Division** for recommendation.

4.  The total number of **Form I-612 persecution waiver** applications **transmitted to the Department of State Waiver Review Division** for recommendation.

5.  The **average historical processing times** for **Form I-612 exceptional hardship waiver** applications.

6.  The **average historical processing times** for **Form I-612 persecution waiver** applications.

7.  The total number of **USCIS employees at the California Service Center** who worked on adjudicating **any type of Form I-612 waiver** applications.

8. The total number of **USCIS employees at the California Service Center** who worked on adjudicating **Form I-612 exceptional hardship waiver** applications.

9. The total number of **USCIS employees at the California Service Center** who worked on adjudicating **Form I-612 persecution waiver** applications.

10. The total number of **USCIS employees at the California Service Center** who worked **exclusively** on adjudicating Form I-612 waiver applications.

11. The total number of **USCIS employees at the Texas Service Center** who worked on adjudicating **any type of Form I-612 waiver** applications.

12. The total number of **USCIS employees at the Texas Service Center** who worked on adjudicating **Form I-612 exceptional hardship waiver** applications.

13. The total number of **USCIS employees at the Texas Service Center** who worked on adjudicating **Form I-612 persecution waiver** applications.

14. The total number of **USCIS employees at the Texas Service Center** who worked **exclusively** on adjudicating Form I-612 waiver applications.

15. The total number of **congressional inquiries** received by USCIS regarding Form I-612 waiver applications.

16. The total number of **expedite requests received** by USCIS regarding Form I-612 waiver applications.

17. The total number of **expedite requests granted** by USCIS regarding Form I-612 waiver applications.

18. The total number of **Form I-612 waiver applications transferred** from the California Service Center to the Texas Service Center.

19. The total number of **applications or petitions (by USCIS form type)** that resulted in a **fee refund**.

20. The total number of **national security background checks** (requested, initiated, and completed) in connection with the adjudication of Form I-612 waiver applications.

If any of the above data are already compiled in existing reports, dashboards, or statistical summaries, please provide those documents rather than recreating data.

If data are withheld or cannot be produced, please specify:

- The reason (e.g., no responsive records, burden, or exemption);
- The database or system where the data are maintained (e.g., CLAIMS, ELIS, or OPQ dashboards);
- The office(s) consulted; and
- Whether any portion can be provided in segregable form.

We are willing to pay reasonable fees associated with this request but ask to be notified if estimated costs exceed **$250**. Please provide records on a **rolling basis** as they become available, and deliver them in electronic format via email or secure download link.

Please confirm receipt of this request and assign a FOIA tracking number.

Sincerely,

Brian C. Schmitt, President
For **Bruce A. Hake, P.C.**
2 Locust Lane, Suite 203, Westminster, Maryland 21157
(410) 635-3337
brian@jvisausa.com

3

**EXHIBIT C**

**Freedom of Information Act Request – Business, Operational, or Policy Records**
Submitted via U.S. Citizenship and Immigration Services FOIA Online Portal
**Date:** November 4, 2025

**From:**  Bruce A. Hake, P.C.
2 Locust Lane, Suite 203, Westminster, Maryland 21157
(410) 635-3337
brian@jvisausa.com

**To:**  FOIA Officer, U.S. Citizenship and Immigration Services

Dear FOIA Officer,

This request is submitted by the law firm **Bruce A. Hake, P.C.,** pursuant to the Freedom of Information Act, 5 U.S.C. § 552, for records maintained by the U.S. Citizenship and Immigration Services (USCIS) concerning adjudication of Form I-612, Application for Waiver of the Foreign Residence Requirement.

Please provide copies of the **following records**, regardless of format (including electronic PDF, or Word versions), **covering the period from May 30, 2013, to the present** unless otherwise noted:

1. All versions published **after May 30, 2013**, of "*U.S. Citizenship and Immigration Services 212(e) INA Waivers Procedures for Adjudication of Form I-612 Adjudication Officers.*"

2. All documents, manuals, memoranda, or other publications used by **California Service Center** employees in adjudicating Form I-612 waiver applications.

3. All documents, manuals, memoranda, or other publications used by **Texas Service Center** employees in adjudicating Form I-612 waiver applications.

4. All records describing the **method of transmitting** Form I-612 waiver applications to the **Department of State Waiver Review Division**, including lists of documents required for such transmission.

5. All records describing **why adjudication of Form I-612 waiver applications was transferred** from the California Service Center to the Texas Service Center during **Fiscal Years 2024 and 2025**.

6. All records describing USCIS **policy or procedures for refunding fees** for any immigration application or petition.

7. All records describing **USCIS policy for adjudicating Form I-485 applications while a Form I-612 waiver application remains pending and unapproved**.

8. All records describing **USCIS policy for conducting national security background checks** during the adjudication of Form I-612 waiver applications.

9. All records describing **USCIS policy to stop or delay adjudication** of Form I-612 waiver applications pending completion of a national security background check.

10. All records describing the current "**National Background, Identity, and Security Check Operating Procedures**" (NaBISCOP) policies or procedures relevant to Form I-612 waiver application adjudications.

11. All records describing current "**Fraud Detection and National Security Directorate**" (FDNS) policies or procedures relevant to Form I-612 waiver application adjudications.

12. All records describing or defining "**DIV X**."

13. All records describing the **organizational structure of the Service Center Operations Directorate** (SCOPS), including duty descriptions of leadership, management positions, and numbers of staff.

If any records are withheld in full or in part, please state the specific FOIA exemptions relied upon and provide all reasonably segregable portions.

We are willing to pay reasonable fees associated with this request, but please contact us in advance if estimated costs exceed **$250**. We request that records be produced on a **rolling basis** as they become available and delivered in electronic format via email or download link.

Please confirm receipt of this request and assign a tracking number.

Sincerely,

Brian C. Schmitt, President
For **Bruce A. Hake, P.C.**
2 Locust Lane, Suite 203, Westminster, Maryland 21157
(410) 635-3337
brian@jvisausa.com

**EXHIBIT D**

**Freedom of Information Act Request – Business, Operational, or Policy Records**
Submitted via U.S. Department of State FOIA Online Portal
**Date:** November 4, 2025

**From:** Bruce A. Hake, P.C.
2 Locust Lane, Suite 203, Westminster, Maryland 21157
(410) 635-3337
brian@jvisausa.com

**To:**    FOIA Officer, U.S. Department of State

Dear FOIA Officer,

This request is submitted by the law firm **Bruce A. Hake, P.C.**, pursuant to the Freedom of Information Act, 5 U.S.C. § 552. The firm seeks records maintained by the U.S. Department of State related to Form I-612 waiver applications and related communications.

Requested are the following:

**Type of record(s):** Correspondence, communications, or records of meetings, including but not limited to emails, letters, memoranda, and meeting notes.

**Timeframe of record(s) (when the record was created)**: January 1, 2020, to the date of this request, unless otherwise noted.

**Specific subject matter, offices, and entities involved**:

1. All correspondence regarding **Form I-612 adjudication policy** between employees of the Department of State Waiver Review Division and employees of the United States Citizenship and Immigration Services ("USCIS").

2. All correspondence between **Department of State personnel and the Educational Commission for Foreign Medical Graduates** ("ECFMG"), including correspondence **discussing policy regarding immigrant intent**.

3. All correspondence between **the Department of State Waiver Review Division personnel and the Bureau of Educational and Cultural Affairs** ("ECA"), including correspondence **discussing J-1 waiver applications**.

4. All correspondence related to **any investigation, audit, or review conducted by the Department of State Office of Inspector General** on the Waiver Review Division's activities **in making favorable recommendations** on J-1 waiver applications **from January 1, 2000**, to the date of filing this request.

5. All correspondence related to **any change in policy regarding recommendations on No Objection waiver applications** between employees of the Department of State Waiver

1

Review Division to other employees of the Waiver Review Division or other employees of the Department of State, including ECA, or the USCIS.

**Offices to Be Searched:** The Waiver Review Division (WRD), Bureau of Consular Affairs (CA/VO/WRD); Visa Office (CA/VO), including any sub-offices handling J-1 waiver correspondence; Office of the Assistant Secretary for Consular Affairs (CA); Bureau of Educational and Cultural Affairs (ECA), including the Office of Private Sector Exchange (ECA/EC); Office of the Legal Adviser (L/CA and L/EX), particularly those advising Consular Affairs and ECA on waiver or exchange matters; Office of Inspector General (OIG), particularly any divisions responsible for reviews or investigations involving the Waiver Review Division or Exchange Visitor Program; Office of Management Strategy and Solutions (M/SS), if it maintains records relating to data collection, systems, or oversight involving the WRD.

**Format and Delivery:** We request that responsive records be provided electronically, preferably by email.

**Rolling Production:** We will accept records on a rolling basis as they are processed.

**Fees:** We are willing to pay fees up to $250. If estimated costs exceed this amount, please notify us before proceeding.

**Segregability of Non-Exempt Material:** If any portion of a responsive record is determined to be exempt from disclosure, please release all reasonably segregable non-exempt portions as required by 5 U.S.C. § 552(b).

**Reasonable Basis for Belief that Records Exist:** The Department of State Waiver Review Division communicates directly with the U.S. Citizenship and Immigration Services regarding Form I-612 waiver applications under the authority delegated by the Immigration and Nationality Act. The Department also maintains working relationships with ECFMG as a designated J-1 exchange program sponsor and with the Bureau of Educational and Cultural Affairs, which oversees the Exchange Visitor Program. Furthermore, the Department's Office of Inspector General has jurisdiction over internal audits and investigations related to consular and waiver functions. These statutory and administrative relationships reasonably indicate that the requested correspondence and records exist and are maintained by the Department.

**Offices or consulates originating or receiving the record(s):** Created by employees of the Department of State, or USCIS or the ECFMG and received by the Department of State.

Sincerely,

Brian C. Schmitt, President
For **Bruce A. Hake, P.C.**
2 Locust Lane, Suite 203, Westminster, Maryland 21157
(410) 635-3337
brian@jvisausa.com

**EXHIBIT E**

**Freedom of Information Act Request – Business, Operational, or Policy Records**
Submitted via U.S. Department of State FOIA Online Portal
**Date:** November 4, 2025

**From:**  Bruce A. Hake, P.C.
2 Locust Lane, Suite 203, Westminster, Maryland 21157
(410) 635-3337
brian@jvisausa.com

**To:**     FOIA Officer, U.S. Department of State

Dear FOIA Officer,

This request is submitted by the law firm **Bruce A. Hake, P.C.**, for records maintained by the U.S. Department of State, pursuant to the Freedom of Information Act, 5 U.S.C. § 552.

We request the following **statistical and budgetary records** related to the Department of State's Waiver Review Division and its administration of Form I-612 waiver recommendations. For each item, please present data separately **for each Fiscal Year 2020, 2021, 2022, 2023, 2024, and 2025 to date**.

Requested is the following:

1. The total number of **Form I-612 exceptional hardship waiver** applications received by the Department of State Waiver Review Division and the total number given a favorable recommendation.

2. The total number of **Form I-612 persecution waiver** applications received by the Department of State Waiver Review Division and the total number given a favorable recommendation.

3. The total number of **all other J-1 waiver applications** (**separated by type**, i.e., interested government non-physician and physician, state health agency request, and no objection statement) received by the Department of State Waiver Review Division and the total number given a favorable recommendation.

4. The total number of **Department of State employees at the Waiver Review Division** who worked on making recommendations on Form I-612 waiver applications.

5. The total number of **congressional inquiries** into Form I-612 waiver applications.

6. The total number of **requests by J-2 visa holders** for the Department of State to act as an "Interested Government Agency" (IGA).

7. The total number of **J-2 IGA requests granted** by the Waiver Review Division.

8. The **annual budget** for the Waiver Review Division.

9. The **annual allotment of Form DS-2019's** allocated to the Educational Commission for Foreign Medical Graduates.

If any of the requested information is not maintained in a readily retrievable form, please provide any existing **aggregate, statistical, or summary reports** that contain the same data or can be reasonably used to infer it.

**Preferred Format:** To facilitate efficient review and analysis, we request that all responsive records and data be provided in machine-readable format, such as Microsoft Excel (.xlsx) or comma-separated values (.csv) files, rather than scanned PDFs or images.

**Timeframe of Records:** Fiscal Years 2020 through 2025 to the date of this request.

**Offices to Be Searched:** Department of State, Waiver Review Division.

**Format and Delivery:** We request that responsive records be provided electronically, preferably by email.

**Rolling Production:** We will accept records on a rolling basis as they are processed.

**Fees:** We are willing to pay fees up to $250. If estimated costs exceed this amount, please notify us before proceeding.

**Segregability of Non-Exempt Material:** If any portion of a responsive record is determined to be exempt from disclosure, please release all reasonably segregable non-exempt portions as required by 5 U.S.C. § 552(b).

**Reasonable Basis for Belief that Records Exist:** The Department of State is responsible under the Immigration and Nationality Act for reviewing and making recommendations to the U.S. Citizenship and Immigration Services on Form I-612 waiver applications. In carrying out this function, the Department collects and tracks data concerning recommendations issued, employee staffing, and the receipt and disposition of I-612 and J-2 IGA waiver requests. The Department also maintains annual budget records for the Waiver Review Division and monitors program data regarding the Educational Commission for Foreign Medical Graduates' J-1 exchange visitor sponsorship and Form DS-2019 allotments. These functions necessarily involve the creation and maintenance of the statistical and budgetary data described in this request.

Sincerely,

Brian C. Schmitt, President
For **Bruce A. Hake, P.C.**
2 Locust Lane, Suite 203, Westminster, Maryland 21157
(410) 635-3337
brian@jvisausa.com

**EXHIBIT F**

**Freedom of Information Act Request – Business, Operational, or Policy Records**
Submitted via U.S. Department of State FOIA Online Portal
**Date:** November 4, 2025

**From:** Bruce A. Hake, P.C.
2 Locust Lane, Suite 203, Westminster, Maryland 21157
(410) 635-3337
brian@jvisausa.com

**To:** FOIA Officer, U.S. Department of State

Dear FOIA Officer,

This request is submitted by the law firm **Bruce A. Hake, P.C.**, pursuant to the Freedom of Information Act, 5 U.S.C. § 552. The firm seeks records maintained by the U.S. Department of State related to adjudication and policy oversight of Form I-612 waiver applications.

We respectfully request the following records. For each item, **please include all responsive records** created, transmitted, or received **from January 1, 2020, to the date of this request unless otherwise indicated**. If possible, please identify and produce responsive records separately by fiscal year (e.g., FY 2020, FY 2021, FY 2022, FY 2023, FY 2024, FY 2025 to date).

Requested is the following:

1. **Waiver Adjudication Policy**: All records, including manuals, memoranda, policy guidance, or standard operating procedures, used by the Waiver Review Division for the purpose of making recommendations on Form I-612 waiver applications.

2. **Fees for J-2 IGA Requests**: All records requiring the collection or assessment of fees for "Interested Government Agency" (IGA) requests by J-2 visa holders.

3. **Policy on J-2 IGA Adjudications**: All records describing Department of State policy or procedures for adjudicating requests from J-2 visa holders for the Department to act as an IGA.

4. **Educational Commission for Foreign Medical Graduates (ECFMG) Policy and Oversight**: All records regarding Department of State policy or internal guidance concerning the ECFMG as a designated program sponsor.

5. **ECFMG Annual Reports**: Copies of ECFMG's annual reports to the Department of State for Fiscal Years 2020, 2021, 2022, 2023, 2024, and 2025.

6. **ECFMG Letters of Designation**: The ECFMG's letters of designation and redesignation for Fiscal Years 2020, 2021, 2022, 2023, 2024, and 2025.

1

7.  **ECFMG Annual Report Review Records**: All records reflecting Department of State review, comment, or policy analysis of ECFMG's annual reports for the same fiscal years listed above.

8.  **Waiver Review Division Structure**: All records describing the organizational structure, staffing, or leadership duty descriptions of the Waiver Review Division within the Bureau of Consular Affairs.

9.  **Inspector General Investigations**: All reports, findings, memoranda, or recommendations generated by or transmitted to the Department of State Office of Inspector General (OIG) relating to investigations, audits, or reviews of the Waiver Review Division's issuance of favorable recommendations on J-1 or J-2 Form I-612 waiver applications from January 1, 2000, to the date of this request.

10. **Policy Changes Following OIG Investigations**: All records describing policy changes, memoranda, or internal communications created as a result of, or referencing, any Inspector General investigation concerning favorable recommendations on Form I-612 waiver applications from January 1, 2000, to the date of this request.

11. **J-1 Program Designations and Allotments**: All records listing currently designated J-1 exchange sponsor programs and their associated program numbers for Fiscal Years 2020, 2021, 2022, 2023, 2024, and 2025 to date.

12. **Policy Changes Following December 2024 Skills List**: All records describing policy changes, memoranda, or internal communications created as a result of, or referencing, the December 9, 2024, Public Notice of Revised Exchange Visitor Skills List, specifically regarding recommendations on No Objection waiver applications.

**Offices to Be Searched:** Please search the Bureau of Consular Affairs, including the Waiver Review Division (CA/VO/DO/W), and any other offices likely to maintain responsive records, including the Bureau of Educational and Cultural Affairs (ECA) and the Office of Inspector General (OIG).

**Format and Delivery:** We request that responsive records be provided electronically, preferably by email.

**Rolling Production:** We will accept records on a rolling basis as they are processed.

**Fees:** We are willing to pay fees up to $250. If estimated costs exceed this amount, please notify us before proceeding.

**Segregability of Non-Exempt Material:** If any portion of a responsive record is determined to be exempt from disclosure, please release all reasonably segregable non-exempt portions as required by 5 U.S.C. § 552(b).
//
//

**Reasonable Basis for Belief That Records Exist:** The Department of State is the agency responsible for making recommendations on Form I-612 waiver applications under section 212(e) of the Immigration and Nationality Act. It collects fees and policy information for J-2 IGA requests and oversees designated exchange programs such as ECFMG. Accordingly, the requested records should exist with the Department, including but not limited to the Bureau of Consular Affairs, Bureau of Educational and Cultural Affairs, or Office of Inspector General. Sincerely,

Brian C. Schmitt, President

For **Bruce A. Hake, P.C.**

2 Locust Lane, Suite 203, Westminster, Maryland 21157

(410) 635-3337

brian@jvisausa.com